# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center, Suite 200
Mesa, Arizona 85201
(480) 464-1111
Attorneys for Debtors Patrick & Vanell Davis
By: John N. Skiba, No. 022699
Kelly G. Black, No. 016376

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| PATRICK DAVIS, VANELL DAVIS, | Case No.: 2:09-bk-11550 |
| Debtors. | **PLAN OF REORGANIZATION** |
| | **PLAN DATED: May 17, 2010** |

**Article I.   Summary**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Patrick Davis and Valnell Davis (the "Debtor" or the "Debtors") from cash flow from operations and future income.

This Plan provides for 6 classes of secured claims; 2 classes of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 17 cents on the dollar. This Plan also provides for the payment of administrative and priority claims on the effective date of this Plan, excepting attorney fees for Jackson White, PC approved by the Court, which shall be paid at the rate of $1,000 per month until paid in full.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of

creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Article II.    Classification of Claims and Interests**

2.01    <u>Class 1</u>.    The claim of OneWest Bank, FSB, secured by a first position deed of trust on the real property located at 602 East Missouri Avenue, Phoenix, Arizona 85012, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on April 18, 2007 in Maricopa County at 2007-0452420. The Deed of Trust identifies MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MEERS") as the beneficiary and INDYMAC BANK FSB as the lender. MEERS identifies ONEWEST BANK, FSB as the current servicer. A proof of claim relating to this lien was filed by INYMAC FEDERAL BANK, FSB, which has merged with ONEWEST BANK, FSB.All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02    <u>Class 2</u>.    The claim of OneWest Bank, FSB, partially secured by a second position deed of trust on the real property located at 602 East Missouri Avenue, Phoenix, Arizona 85012, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on April 18, 2007 in Maricopa County at 2007-0452421. The Deed of Trust identifies MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MEERS") as the beneficiary and INDYMAC BANK FSB as the lender. MEERS identifies ONEWEST BANK, FSB as the current servicer. A proof of claim which appears to relate to this lien was filed by ONEWEST BANK, FSB.

2.03    <u>Class 3</u>.    The claim of Consumer Solutions 3, LLC, partially secured by a first position deed of trust on the real property located at 15628 East Thistle Drive, Fountain Hills, Arizona 85628, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on July 25, 2008 in Maricopa County at 2008-0648004. The Deed of Trust identifies BankUnited, FSB as the beneficiary. By assignment recorded at 2009-1187671, the mortgage is now held by Consumer Solutions 3, LLC.

2.04 <u>Class 4</u>. The claim of Bank of America, NA, partially secured by a first mortgage position on the real property located 2515 North 47th Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on March 29, 2006 in Maricopa County at 2006-0419540. The Deed of Trust identifies BANK OF AMERICA, NA as the beneficiary. This mortgage was given first priority by a subordination agreement recorded at 2006-0419541.

2.05 <u>Class 5</u>. The claim of Bank of America, NA, potentially secured by a second position mortgage on the real property located 2515 North 47th Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on September 7, 2004 in Maricopa County at 20041042569. The Deed of Trust identifies BANK OF AMERICA, NA as the beneficiary. This mortgage was later subordinated to second priority by a subordination agreement recorded at 2006-0419541.

2.06 <u>Class 6</u>. The claim of Downey Savings & Loan Association, potentially secured by a first position mortgage on the real property located at 4517 West Virginia Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

The mortgage was originally recorded on January 25, 2005 in Maricopa County at 2005-0099593. The Deed of Trust identifies Downey Savings & Loan Association as the beneficiary.

2.07 <u>Class 7</u>. The claim of the Arizona Department of Economic Security for payment of child support obligations. This claim is entitled to priority under § 507 of the Code.

2.08 <u>Class 8</u>. All other unsecured claims allowed under § 502 of the Code.

2.09 <u>Class 9</u>. The interests of the individual Debtors in property of the estate.

**Article III.    Treatment of Administrative Expense Claims, U.S. Trustee's Fees, and Priority Tax Claims**

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, excepting attorney fees for Jackson White, PC approved by the Court, which shall be paid at the rate of $1,000 per month until paid in full, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of an allowed priority tax claim will be paid the total allowed claim, with interest at 5.25%, in regular and equal installments beginning within 30 days after allowance and ending five years after the date of the order for relief.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on or before the effective date.

**Article IV.    Treatment of Claims and Interests Under the Plan**

Claims and interests shall be treated under this Plan as stated in the paragraphs below.  This Plan's reference to "Debtors" as obligors does not modify the particular Debtor or Debtors liable under the respective claims and liens.

4.01    <u>Class 1.</u>    The claim of OneWest Bank, FSB, secured by a first position deed of trust on the real property located at 602 East Missouri Avenue, Phoenix, Arizona 85012, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

4.02 <u>Class 2.</u> The claim of OneWest Bank, FSB, partially secured by a second position deed of trust on the real property located at 602 East Missouri Avenue, Phoenix, Arizona 85012, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and

interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

    4.03   <u>Class 3</u>.   The claim of Consumer Solutions 3, LLC, partially secured by a first position deed of trust on the real property located at 15628 East Thistle Drive, Fountain Hills, Arizona 85628, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following

Case 2:09-bk-11550-EWH    Doc 55    Filed 05/17/10    Entered 05/17/10 21:59:59    Desc
Main Document    Page 6 of 16

formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

    4.04    Class 4.    The claim of Bank of America, NA, partially secured by a first mortgage position on the real property located 2515 North 47th Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

4.05 <u>Class 5</u>. The claim of Bank of America, NA, potentially secured by a second position mortgage on the real property located 2515 North 47th Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

4.06 <u>Class 6</u>. The claim of Downey Savings & Loan Association, potentially secured by a first position mortgage on the real property located at 4517 West Virginia Avenue, Phoenix, Arizona 85035, to the extent allowed as a secured claim under § 506 of the Code.

This claim and lien shall be modified as follows:

*Plan Years One and Two.* For the first two years, beginning on the effective date, Debtors shall make monthly interest-only payments at 5.25% interest on the total allowed secured claim.

*Plan Years Three to Ten.* For the next eight years, Debtors shall make monthly payments of principal and interest on the total allowed secured claim. The principal and interest payments shall be calculated on a 30-year amortization schedule with interest accruing at a 5.25% annual rate.

*Plan Years Eleven to Payment.* Thereafter, the monthly principal and interest payment shall be increased by a weighted share of the amount allocated under the Plan to be paid to unsecured creditors during years 3-10. Interest shall continue to accrue at a 5.25% annual rate. The amount of the increase shall be determined by the following formula: (amount allocated under the Plan to be paid to unsecured creditors during years 3-10) x (amortized payment to this secured creditor for Plan Years 3-10) ÷ (sum of amortized payments to all secured creditors for Plan Years 3-10). Debtors' payment shall continue until the total allowed secured claim is paid in full.

Debtors will have the right to prepay this secured claim without penalty at any time.

This class is impaired.

4.07 <u>Class 7.</u> The claim of the Arizona Department of Economic Security for payment of child support obligations. This claim is entitled to priority under § 507 of the Code.

Creditor's claim for child support will be paid in full as payment become due. Debtor's obligation to pay child support of $347.00 each month is satisfied by automatic withdrawal. Debtor is current on all of his payments, and will maintain these payments until the obligation to pay expires, approximately June 30, 2011. The estimated total of payments remaining is $4,164.00.

This class is not impaired.

4.08 <u>Class 8.</u> All other unsecured claims allowed under § 502 of the Code.

Every allowed and approved general unsecured claim shall be paid a pro rata share of a $52,000.00 distribution. This sum shall be paid (1) during Plan Year One, by payments, made at the end of the plan year, totaling $825.00; (2) during Plan Year Two, by payments, made at the end of the plan year, totaling $720.00; (3) during Plan Years Three to Ten, by quarterly payments totaling $1,576.72. Payments shall be made to creditors whose claims, at the time of payment, have been allowed and approved for at least 30 days. The proposed payments are projected to provide payment of 17% of the amount allowed on each claim.

The payments required by the Plan shall be made on a pro rata basis to the holder of each general unsecured claim, except that Debtors may at any time satisfy in full its obligations under this Plan to the holder of any general unsecured claim by paying such holder 17% of the allowed and approved claim, less payments previously made.

This class is impaired.

4.09  Class 9.      The interests of the individual Debtors in property of the estate.

Except as specifically stated in the Plan, Debtors shall retain all of their legal and equitable interest in exempt and non-exempt assets of this estate, including income. All estate property shall vest in the Debtors at confirmation.

This class is impaired.

**Article V.    Allowance and Disallowance of Claims**

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. Except to the extent that a claim is

already allowed pursuant to a final non-appealable order, the Debtors reserve the right to object to claims.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Article VI. Provisions for Executory Contracts and Unexpired Leases**

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan: NONE.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

**Article VII. Means for Implementation of the Plan**

7.01 <u>Retention of Property of the Estate</u>. Except as specifically stated in this Plan, Debtors shall retain all of their legal and equitable interest in exempt and non-exempt assets of this estate, including income. All estate property shall vest in the Debtors at confirmation.

7.02    Transfer of Property of the Estate.  After confirmation, Debtors may transfer:

(a)    the real property located at 15628 East Thistle Drive, Fountain Hills, Arizona 85628, together with any of the Debtors' interest in the business and business assets of the assisted living facility there operated, to Heavenly George Assisted Living & Care Home, P.C.;

(b)    the real property located at 602 East Missouri Avenue, Phoenix, Arizona 85012, together with any of the Debtors' interest in the business and business assets of the assisted living facility there operated, to Person to Person Assisted Living, LLC; and

(c)    the real property located at 4517 West Virgina Avenue, Phoenix, Arizona 85035, together with any of the Debtors' interest in the business and business assets of the rental property business there operated, to Davis Rental Properties, LLC.

Each transfer shall be subject to the Debtors' respective obligations under the respective allowed secured claims and liens, as modified in this Plan.

7.03    Satisfaction and Modification of Liens.  Liens against property of the estate shall be satisfied and modified as stated in Article IV.

7.04    Curing or Waiving Default.  Any default of the Debtors shall be deemed cured or waived by confirmation of this Plan.

7.05    Funding.  Payments and distributions under the Plan will be funded by Debtors' contributions of the following income to the plan:

(a) During Plan Year Two, $85,819.72.

(b) During all but Plan Year Two, $98,046.67 per year.

7.06    Source of Payments.  The income to be contributed shall be generated from the net revenues of Person to Person, Heavenly George, Debtors' rental property, and Patrick Davis' employment.

7.07 <u>Post-Confirmation Management</u>. The Post-Confirmation Managers of the Debtors shall remain in Debtors.

**Article VIII. General Provisions**

8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan shall be the date falling 30 days after the entry of an Order confirming this Chapter 11 Plan of Reorganization. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arizona govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**Article IX.   Confirmation, Modification, Closing and Discharge**

9.01   <u>Effect of Confirmation</u>. Confirmation substitutes the terms and obligations stated in this Plan for all preconfirmation claims and interests. The Court may discharge Debtors on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code.

9.02   <u>Modification of Plan</u>. The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

9.03   <u>Final Decree Closing Case</u>. Once all contested and adversary matters have concluded, and Debtors have commenced making all payments required to be made pursuant to their Plan of Reorganization, Debtors will move for a final decree closing the case. The order will provide that the case shall be reopened upon the Debtors' request for the entry of their discharge. The Debtors' request to reopen shall be made pursuant to 11 U.S.C. § 350, with notice to all parties, and shall be supported by evidence that they have made all of their Plan payments.

9.04   <u>Discharge of Debtor</u>. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtors shall be discharged from all unsecured debt on completion of all payments provided for by the Plan to unsecured creditors, and from all secured debt on completion of all payments under the Plan. Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article X.  Other Plan Provisions**

10.01 <u>Quarterly Fees and Reports</u>. Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization. At such time, Debtors shall cease filing monthly operating reports and shall begin filing 90 day reports. These 90 day reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

10.02 <u>Retention of Jurisdiction</u>. The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objections to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation, or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtors shall not be bound by estoppels, the principles of res judicata or collateral estoppels with respect to any term or provision contained herein in the event the Plan is not confirmed.

RESPECTFULLY SUBMITTED this 17th day of May, 2010.

DEBTORS-IN POSSESSION, AS PLAN PROPONENTS

_/s/ Patrick Davis_
Patrick Davis

```
                                    [signature: Valnell Davis]
                                    Valnell Davis

                                    JACKSON WHITE, P.C.

                                    [signature: Kelly G. Black]
                                    Attorneys for Debtors and Debtors in
                                    Possession
                                    By: Kelly G. Black, No. 016376
```

Original filed with the Court ~~March 25~~ May 17, 2010

Copies served by ECF to all parties who have appeared and requested notice.

Copies mailed ~~to mailed~~ to:

Ilene J. Lashinsky, United States Trustee
Christopher J. Pattock, Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706

and to all parties on the master mailing list,
as established in the separate certificate of mailing.

[signature: Kelly G. Black]

23061-001\Plan of Reorganization 05-17-2010.doc